UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES WILLIS OSBORNE, JR.,

    Plaintiff,

        v.                             CAUSE NO. 3:23-CV-04-JD-MGG

MIAMI COUNTY COURTS, et al.,

    Defendants.

OPINION AND ORDER

James Willis Osborne, Jr., a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 3.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Osborne is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Osborne's claims arise from criminal cases brought against him in Miami and Wabash Counties. His amended complaint is difficult to follow in places, but as best as can be discerned, he claims that he was wrongfully incarcerated at the Miami

County Jail between May 2021 and March 2022. He asserts that due to the inaction of his public defender and the wrongful actions of the prosecutor, judge, court staff, and parole officer in "needlessly and purposefully pushing and continuing [his] court dates further out," he was allegedly held at the jail longer than he should have been.

Public court records provide some additional details about the two cases.[1] In 2019, he was convicted of possession of methamphetamine and being a habitual offender in Wabash County and sentenced to four and-a-half years in prison. *See State v. Osborne*, 85C01-1810-F5-001193 (Wabash Cir. Ct. closed Sept. 11, 2019). He was released on parole on May 10, 2021. *Id.* (docket entry May 28, 2021). Less than two weeks later, he was arrested in Miami County for operating a vehicle while intoxicated and other offenses. *See State v. Osborne*, 52D01-2105-F6-000167 (Miami Cir. Ct. closed Jan. 25, 2022). On January 25, 2022, he pled guilty to one of the counts in exchange for dismissal of the other charges and was sentenced to 365 days in prison, with credit awarded for the 182 days he had spent in jail. *Id.* (docket entry Jan. 25, 2022). The judge subsequently issued an order clarifying that Mr. Osborne had actually completed his sentence in the #167 case on November 16, 2021, and ordered that credit for time served from November 17, 2021, onward would be "applied to the Defendant's parole." *Id.* (docket entry Mar. 4, 2022). As a result of the new conviction, however, the Parole Board

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

sanctioned him with additional prison time in the #1193 case. (ECF 3 at 5.) His complaint reflects that he was released from custody in March 2022.[2] (*Id.*)

Based on these events, he sues various individuals involved with the criminal cases, specifically, the judge and prosecutor, his public defender, a parole officer, the Miami County Courts, the Indiana Parole Board, and the State of Indiana. He seeks monetary damages for "wrongful incarceration," a written apology, and other relief.

Mr. Osborne has not stated a plausible constitutional claim. The prosecutor is entitled to immunity for her actions in the criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Likewise, the judge cannot be sued for his rulings in the criminal case. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Mr. Osborne's public defender is not a state actor who can be sued for constitutional violations. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

The State of Indiana and Indiana Parole Board are not "persons" that can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989) (state is not a "person" for purposes of 42 U.S.C. § 1983); *Klock v. Smith*, No. 121-CV-00498-JPH-DLP, 2021 WL 3268553, at *2 (S.D. Ind. July 29, 2021)

---

[2] When he initiated this case in January 2023, he was being held at the Wabash County Jail on a new charge of breaking and entering. *State v. Osborne*, 85D01-2209-F6-00159 (Wabash Cir. Ct. closed Jan. 20, 2023). He has since been convicted and sentenced. *Id.* His claims do not appear to relate to his detention in the breaking and entering case.

("The Indiana Parole Board is an agency of the State of Indiana and hence not a 'person' subject to suit pursuant to 42 U.S.C. § 1983."). Additionally, these entities are entitled to Eleventh Amendment immunity in federal court. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). The "Miami County Courts" is not a suable entity under Indiana law and thus cannot be sued for constitutional violations. *See* IND. CODE § 36-1-2-10; *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

As for the parole officer, a parolee can state an Eighth Amendment claim against his parole officer for keeping him in custody beyond his release date. *See Hankins v. Lowe*, 786 F.3d 603 (7th Cir 2015). However, there is no indication that occurred here. Instead, it is evident from Mr. Osborne's allegations and public records that he was on parole in the #1193 case when he was arrested in the #167 case, and that he served additional time in jail for a parole violation. To the extent he is challenging the sanction imposed by the Parole Board, his sole remedy is through habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). He cannot obtain an award of damages for wrongful incarceration or pursue any other claim that would necessarily imply the invalidity of his convictions unless they are reversed on appeal, expunged, or otherwise declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Savory v. Cannon*, 947 F.3d 409, 423 (7th Cir. 2020). There is nothing in the amended complaint, or in available public records, to suggest that has occurred.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow Mr. Osborne an opportunity to amend his

complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury.[3] *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **April 17, 2023**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on March 16, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Mr. Osborne has already been given one opportunity to amend his complaint, as his initial pleading was not on the right form and was unduly vague. (ECF 1, 2.) In fairness, the court will give him an additional opportunity to amend now that the court has analyzed his claims.