UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES WILLIS OSBORNE, JR.,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-004-JD-MGG

JOSH WEBB,

    Defendant.

OPINION AND ORDER

James Willis Osborne, Jr., a prisoner proceeding without a lawyer, filed a second amended complaint under 42 U.S.C. § 1983. (ECF 19.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Osborne is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The court screened Mr. Osborne's amended complaint and determined that it was subject to dismissal under 28 U.S.C. § 1915A. (ECF 11.) The court granted him an

opportunity to file a second amended complaint before dismissing the case, and he responded with the present filing.

Public records reflect that Mr. Osborne has a complex criminal history.[1] As pertains to this case, in 2019 he was convicted of possession of methamphetamine and being a habitual offender in Wabash County and sentenced to an aggregate term of four-and-a-half years in prison. *See State v. Osborne*, 85C01-1810-F5-001193 (Wabash Cir. Ct. closed Sept. 11, 2019). He was released on parole on May 10, 2021. *Id.* Less than two weeks later, he was arrested in Miami County for operating a vehicle while intoxicated and other offenses. *See State v. Osborne*, 52D01-2105-F6-000167 (Miami Cir. Ct. closed Jan. 25, 2022). In November 2021, he pled guilty to one of the counts in exchange for dismissal of the other counts. *Id.* In January 2022, he was sentenced to 365 days in prison. *Id.*

His second amended complaint is somewhat confusing, but he appears to claim that his sentence was fully executed as of January 2022 because of the amount of time he was detained pending trial at the Miami County jail. However, due to the alleged inaction of his Parole Officer Josh Webb in failing to remove a parole hold, he was not released from custody until March 17, 2022. He sues Officer Webb for monetary damages to compensate him for this additional time in custody.

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

"[A] state officer who unlawfully keeps a person in custody beyond the date at which he . . . is entitled to be released imposes a form of cruel and unusual punishment, and thus violates the Eighth Amendment." *Hankins v. Lowe*, 786 F.3d 603, 605 (7th Cir. 2015). "A lawless extension of custody is certainly unusual, and it is cruel in the sense of being imposed without any legal authority." *Id.* At this stage, it is difficult to assess whether the time Mr. Osborne spent in custody between January and March 2022 was due to the inaction of Officer Webb, or was the result of the parole violation or some other criminal charge.[2] If his time in custody "was credited to a valid and lawful sentence," he ultimately cannot recover damages. *Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017). However, the court must accept Mr. Osborne's allegations as true, and he claims this additional period of detention was caused entirely by Officer Webb's oversight. He has alleged enough to proceed on a claim for damages against Officer Webb. *Hankins*, 786 F.3d at 605 (reversing dismissal of complaint alleging that parole officer kept parolee in custody beyond her release date).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Parole Officer Josh Webb for holding him two months beyond the expiration of his sentence in January 2022 in violation of the Eighth Amendment;

---

[2] The court has considered that the additional time may have resulted from violating his parole in the Wabash County case, but there is nothing on the public docket to reflect this. *See Osborne*, 85C01-1810-F5-001193. It can also be discerned from public records that sometime in 2022, Mr. Osborne was charged and later convicted of residential breaking and entering, for which he is presently serving a sentence. *State v. Osborne*, 85D01-2209-F6-001159 (Wabash Sup. Ct. closed Jan. 21, 2023). At this point, it is unclear how, if at all, these other cases impacted his detention in the Miami County case.

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Parole Officer Josh Webb at South Bend Parole District 8, 4650 Old Cleveland Road, South Bend, Indiana 46628, and to send him a copy of this order and the second amended complaint (ECF 19) pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(5) ORDERS Josh Webb to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 21, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT